MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD (SBN 119513)
jbattenfeld@morganlewis.com
MICHAEL A. ROME (SBN 272345)
mrome@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:     213.612.2500
Fax:    213.612.2501

Attorneys for Defendant

C T CORPORATION SYSTEM (including its business units WOLTERS KLUWER CORPORATE LEGAL SERVICES and CT LIEN SOLUTIONS)

SANDRA C. MUNOZ (SBN 190404)
sm4law@att.net
LAW OFFICES OF SANDRA C. MUNOZ
5429 E. Beverly Blvd.
Los Angeles, CA  90071
Tel:     323.720.9400
Fax:    323.720.9090

Attorneys for Plaintiff
TROY ALLEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALLEN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>WOLTERS KLUWER CORPORATE LEGAL SERVICES, a Delaware Corporation, CT CORPORATION SYSTEM, a business entity, CT LIEN SOLUTIONS, a business entity, and DOES 1 THROUGH 10, inclusive,<br><br>                    Defendants.. | CASE NO. CV-13-6796 CAS (AGRX)<br><br>**PROTECTIVE ORDER** |

In connection with the above-captioned action, the parties Plaintiff Troy Allen ("Plaintiff"), and Defendant C T Corporation System ("Defendant"), by and through their undersigned attorneys, hereby stipulate for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed in the following ways:

1. This Joint Stipulation For Protective Order ("Protective Order") shall apply to all information, materials or tangible things subject to discovery in this action, including, without limitation, documents, testimony and responses produced in the course of this litigation by any party or nonparty (the "Producing Party"), which the Producing Party believes in good faith to contain confidential and proprietary business, financial, corporate, commercial or trade secret information; information subject to a legally protected right of privacy; and/or information that would reveal confidential research, development, or personal information (hereinafter "Confidential Material"). To fall within the scope of this Protective Order, all such Confidential Material shall be designated as "CONFIDENTIAL" by the Producing Party.

2. All Confidential Material produced or provided by any Producing Party in the instant matter shall be used by the party receiving or reviewing it (the "Receiving Party") only for the purposes of preparing for and conducting the litigation or settlement of the instant action and shall not be used for any business, commercial, competitive, personal or other purpose whatsoever.

3. The designation of information as Confidential Material pursuant to this Protective Order shall not be construed as a concession by the Producing Party that such information is relevant or material to any issue in the instant matter.

4. This Protective Order is made without prejudice to the parties' objections to producing or disclosing any Confidential Material on the grounds of relevance, the attorney-client privilege, the attorney work-product doctrine, or any other privilege, immunity or basis for objection.

5. The production or disclosure of Confidential Material by any Producing Party shall in no way constitute a waiver of any party's right to object to the production or disclosure of other confidential material or information and shall have no effect on any other dispute over the parties' right to apply to the Court for a further protective order relating to any Confidential Material.

6. This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions hereof. However, prior to any application to the Court to enlarge or reduce the restrictions of this Protective Order, the parties will confer in good faith in an effort to resolve such issues and determine by stipulation an appropriate modification of the original Protective Order.

7. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Confidential Material designated as "CONFIDENTIAL" shall be treated as such and shall not be disclosed except in accordance with the terms of this Protective Order.

## Method of Designating Confidential Information

8. The Producing Party shall designate Confidential Material as such by marking each document or tangible thing "CONFIDENTIAL" as the case may be, directly on such material.

9. To designate deposition testimony as Confidential Material, the party requesting the designation may state during the deposition which testimony should be treated as CONFIDENTIAL and request that the Court reporter print that portion of the transcript separately and mark it CONFIDENTIAL, as the case may be. Notwithstanding the foregoing, within ten (10) days of receipt of a deposition transcript from the Court reporter, any party shall have the right to designate particular deposition testimony and/or exhibits as Confidential Material, even if the party failed to designate such information as Confidential Material at the time of the deposition. Accordingly, all parties will treat any and all deposition transcripts as

CONFIDENTIAL for the first fifteen (15) days after the subject transcript is mailed or delivered to counsel.  The party making the designation shall be responsible for ensuring that those portions of the deposition transcripts and exhibits designated CONFIDENTIAL are stamped and bound by the reporter in the manner described herein.

10. If any party or nonparty required to produce materials or information in the litigation of the instant matter inadvertently produces any Confidential Material without marking it with the appropriate legend, that party may, at any time after its inadvertent disclosure, notify all other parties to this action that the material is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order.

11. Upon receipt of notice pursuant to Paragraphs 9 or 10 hereof that a document, tangible thing, deposition transcript, or portion of deposition transcript has been designated CONFIDENTIAL, all parties or nonparties in possession of such material shall stamp it with the appropriate designation.

### Reproduction of Confidential Material

12. No Confidential Material shall be reproduced except as required in connection with the litigation of the instant case.  Any person making, or causing to be made, photocopies, excerpts, blow-ups or demonstrative material reflecting any Confidential Material (such as charts or diagrams) shall make certain that each such item bears the appropriate CONFIDENTIAL marking.

13. All copies or derivations of Confidential Material shall constitute Confidential Material as provided in this Protective Order and shall be treated as such.

### Use of Confidential Material

14. Confidential Material may be referred to by a Receiving Party or Producing Party in papers filed with the Court in the instant action and/or in discovery papers.  However, no such information shall be used for any of these

purposes unless the papers, or the portion thereof containing Confidential Material, are appropriately designated and, if filed with the Court, filed under seal pursuant to Paragraph 15 hereof.

### Confidential– Filed Under Seal Pursuant To Protective Order.

15. The parties agree to comply with the Central District of California Pilot Program for filing documents under seal when filing or lodging "Confidential" documents with the Court, pursuant to Judge Rosenberg's requirements. A true and correct copy of the Pilot Program Instructions are attached to this order as Exhibit B.

16. Any Court hearing which refers to or describes "Confidential" information shall in the Court's discretion be *in camera*.

17. Notwithstanding the above, any party may move the Court for an order allowing the filing of papers containing confidential information, if that party believes the filing of the papers is necessary for a complete record. Any such papers shall be filed pursuant to the Central District of California Pilot Program for filing documents under seal when filing or lodging "Confidential" documents with the Court.

### Method for Objecting to Confidential Designation

18. If any party objects to the designation of any Confidential Material as CONFIDENTIAL, the objecting party may request in writing of the designating party that such designation be removed. The written request shall specifically identify the precise material or information at issue.

19. The Producing Party shall respond in writing within ten (10) business days of the receipt of the written request, or within such other time as may be designated by Order of the Court or agreement of the parties. If the Producing Party refuses to remove the CONFIDENTIAL designation, the Producing Party's written response shall state the reasons for such refusal. Notwithstanding the

foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

20. If the Producing Party fails to respond to a request or refuses to remove the CONFIDENTIAL designation, the objecting party may file an appropriate motion raising the issue of designation with the Court. It shall be the burden of the objecting party under such circumstances to establish that the information so designated is not CONFIDENTIAL within the meaning of this Protective Order. In the event of such a motion, the material at issue may be submitted to the Court for an *in camera* inspection.

21. All Confidential Material shall be given the full protection of this Protective Order unless and until the Court enters an Order changing the designation.

**Persons Qualified to Receive or Review Confidential Material**

22. Confidential Material marked "CONFIDENTIAL," and any documents or things derived therefrom or based thereon, may only be disclosed or made available to "Qualified Persons," who are defined to consist of:

(a) The Court and employees of the Court (in the manner provided by Paragraphs 14 and 15 hereof);

(b) Counsel to the parties in the instant matter (both in-house and outside counsel), including clerical, secretarial and paralegal staff employed by such counsel;

(c) Experts or consultants and their staff assisting in the prosecution or defense of the instant matter, provided that said experts and/or consultants are not (i) employed by, (ii) regular consultants for, or (iii) employees of firms or businesses that are regular consultants for any of the parties engaged in this lawsuit;

(d) Parties and representatives or employees of parties (officers, directors, employees, trustees, etc.) on a need-to-know basis;

(e)     Any person who authored or previously received the Confidential Material, or who has knowledge of the specific facts identified in such materials;

(f)     Court reporters and other persons involved in recording deposition testimony in this action by any means;

(g)     Any other person to whom the Producing Party agrees in writing; and

(h)     Commercial photocopying services ordinarily used by counsel for the purposes of photocopying, if such services are deemed reasonably necessary under the circumstances.

23.     Prior to reviewing or receiving Confidential Material in any manner, all experts or consultants and their staff who are Qualified Persons under Paragraph 20 hereof shall execute an agreement to be bound by the terms of this Protective Order in the form of Exhibit A hereto.  Counsel for the party providing Confidential Material to such Qualified Person(s) shall maintain a complete record of every original signed agreement obtained from any person pursuant to this paragraph, and shall provide the Producing Party's counsel with a copy of such signed agreement at least thirty (30) days after the conclusion of all proceedings, whether by settlement, dismissal, judgment or otherwise, and after all appeals have been exhausted.  In addition, if the identity of outside experts and consultants must be disclosed pursuant to Court order, statute or otherwise, a copy of all agreements executed by such disclosed experts or consultants shall be furnished to the Producing Party upon request.

24.     No Confidential Material shall be disclosed to any persons other than Qualified Persons.  However, nothing contained herein shall (a) prevent any party from disclosing or employing its own Confidential Material as it deems appropriate in its sole discretion, or (b) be deemed to impose any restriction on the use or

disclosure by a party or witness of materials or information obtained independently of the discovery proceedings in the instant matter.

25. In the event that any Qualified Person to whom Confidential Material is disclosed ceases his or her involvement in the instant action, his or her access to Confidential Material shall be terminated immediately. The provisions of this Protective Order shall remain in full force and effect as to any such person.

26. If any Confidential Material in the possession of a Receiving Party or Qualified Person is subpoenaed by any Court, administrative or legislative body, or by any other person purporting to have authority to subpoena such materials or information, the party to whom the subpoena is directed shall immediately (but, in no event, within more than two (2) business days) give notice of the subpoena and deliver of a copy thereof to the attorneys for the Producing Party.

27. Counsel for the parties shall take reasonable precautions to prevent the unauthorized disclosure of Confidential Material.

## Conclusion of the Litigation

28. Upon the written request of the Producing Party made within sixty (60) days of the final disposition of this action, all Confidential Material, and all copies or extracts thereof, shall be returned to the Producing Party within thirty (30) days of such request or, at the Producing Party's option, shall promptly be destroyed, except that briefs and other court papers prepared for use in the instant matter need not be returned or destroyed but shall be kept confidential by all counsel for the parties.

29. The binding effect of this Protective Order shall survive termination of this action, and the Court shall retain jurisdiction to enforce the Protective Order.

/ / / /

/ / / /

/ / / /

/ / / /

30. The provisions of this Protective Order shall be effective and binding as between the parties, counsel, and any Qualified Person as of the date of the execution of Exhibit "A" hereto.

**IT IS SO ORDERED.**

Dated: April 21, 2014

_____

Hon. Alicia G. Rosenberg
Judge of the District Court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9    PROTECTIVE ORDER

# EXHIBIT A
# AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT

I, the undersigned, hereby acknowledge that I have received a copy of the foregoing Confidentiality Agreement and Stipulation (the "Agreement"), have read same and agree to be bound by all provisions thereof. I irrevocably submit myself to the jurisdiction of the Central District of California for enforcement of this Agreement. I understand that if I violate the terms of the Agreement, I may be subject to an order holding me in contempt of court.

DATED: _____

_____

_____

_____